IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STEVEN HOLMES and
PAULETTE HOLMES,

        Plaintiffs                                   CIVIL ACTION

    *versus*                                           3:20-cv-853-ECM

BIO-MEDICAL APPLICATIONS
OF ALABAMA, INC., et al.,

        Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR "GUIDANCE"

Come now plaintiffs and respond to the defendants' motion for "guidance." There is no need for "guidance," other to "guide" defense counsel to Rule 26 of the Federal Rules of Civil Procedure and require that defense counsel read and comply with its requirements.

The motion is nothing more than a request that the Court ignore and depart from what is clearly required by Rules 16 and 26, F.R.C.P., and rule on the contested motions to amend and to remand without the evidence that is essential to correctly decide those motions—evidence that Bio-Med has resolutely sought to deny to the plaintiff and concomitantly to deny to the Court by failing to comply with the clear mandates of Rule 26.

The essential evidence that the Court and plaintiff's counsel is being denied, which plaintiff could readily supply to the Court once discovery commences is two readily available (to Bio-Med) items of evidence:

    (a) the name(s) of Bio-Med personnel assisting plaintiff's transfer on the date of his injury;
    (b) the state(s) of citizenship of those personnel on the date of plaintiff's injury.

Under the clearly controlling authority cited to the Court and discussed at length in Plaintiff's Motion to Amend (Doc. 14) and in Plaintiff's Reply to Bio-Med's Opposition to

1

Amendment and Remand (Doc. 19), including *Dever v. Family Dollar Stores of Ga.*, LLC, 755 F. App'x 866 (11th Cir. 2018) and *Quattlebaum v. Fed. Express Corp.*, 2019 U.S. Dist. LEXIS 101447 (M.D. Ala., June 18, 2019) which have been consistently followed in this circuit, e.g., see *Bedynerman v. Target Corp.*, 2019 U.S. Dist. LEXIS 218058 (M.D. Fla., Dec. 19, 2019); *Bloesch v. Wal-Mart Stores E., LP*, 2020 U.S. Dist. LEXIS 43050 (M.D. Fla., Mar. 12, 2020); and *Castelli v. Target Corp.*, 2019 U.S. Dist. LEXIS 229013 (M.D. Fla., Nov. 12, 2019), plaintiffs are entitled to amend the complaint to substitute for the incorrectly named original defendant, the actual Bio-Med staff personnel attending the transfer of plaintiff from the wheelchair to the dialysis bed at the time Mr. Holmes was dropped or fell and sustained his injuries.

Once the correctly named Bio-Med personnel involved in this transfer are determined in discovery and substituted for the misnamed defendant in an amended complaint and the citizenship of that or those Bio-Med personnel are established, then either:

    a. if one of these individual defendants was an Alabama citizen, complete diversity of citizenship among all defendants and the plaintiffs will not exist and the motion to remand should be granted;

or

    b. if none of these individual defendants was an Alabama citizen, complete diversity of citizenship among all defendants and the plaintiffs will exist and the motion to remand should be denied.

Entry of the Scheduling Order required by Rule 16 and the initiation of discovery that will provide plaintiffs' counsel and this Court with that evidence and is clearly the quickest, easiest, least expensive and most expedient means for this Court to "*secure the just, speedy, and inexpensive determination*"[1] of the motion to remand.

---

[1] Rule 1, F.R.C.P. provides:

> These rules . . . should be construed, administered, and employed by the court and the parties to *secure the just, speedy, and inexpensive determination* of every action and proceeding.

It is readily apparent from the Complaint filed in Macon County Circuit Court (Doc. 1-1) that before Bio-Med removed the case, Holmes sought to sue a nondiverse party—the individual who was working to assist in Mr. Holmes' transfer when his fall occurred—but was mistaken in believing that the individual's name was Carrington. Mistakes in naming individual defendants do not constitute fraudulent joinder.

The facts in this case are on "all fours" with the facts in *Dever v. Family Dollar Stores of Ga.*, LLC, 755 F. App'x 866 (11th Cir. 2018), a case also removed to federal court based on alleged fraudulent joinder, in which the Eleventh Circuit reversed the district court's denial of plaintiff's motion to amend the complaint to correct the name of the corporate defendant's misidentified and misnamed individual agent-employee defendant, holding that the district court "abused its discretion"[2] and that, 755 F. App'x 866 at 869:

> the district court made a clear error in judgment when . . . it found that Dever sought to add a nondiverse defendant for the first time after Family Dollar removed the case. The pleadings in this case definitively establish that <u>before Family Dollar removed the case</u>, Dever sought to sue a nondiverse party—the individual who was working as the store manager when her fall occurred—but was mistaken in believing that the manager was Martin.

Those facts exactly match the facts presented herein:

> this district court will have made a clear error in judgment . . . if it finds that Holmes sought to add a nondiverse defendant for the first time after Bio-Med removed the case. The pleadings in this case definitively establish that <u>before Bio-Med removed the case</u>, Holmes sought to sue a nondiverse party—the individual who was assisting in the wheelchair to bed transfer when his fall occurred—but was mistaken in believing that that person was Carrington.

Before Bio-Med removed this case to this Court, plaintiff alleged in paragraphs 7. and 8. of the Complaint filed in Macon County Circuit Court (Doc. 1-1) that an agent or employee of Bio-Med (the misnamed defendant Carrington):

---

[2] *Dever v. Family Dollar Stores of Ga.*, *LLC*, 755 F. App'x 866, 867 (11th Cir. 2018):
> [W]e conclude that the district court made a clear error of judgment and abused its discretion in denying Dever's motion. We thus vacate and remand for further proceedings.

3

> attempted to get him [plaintiff Steven Holmes] out of the wheelchair and into the dialysis chair at the clinic . . . [and] was negligent and wanton and allowed Mr. Holmes to fall, causing serious injury to him.

Moreover, aside from plaintiff's counsel being mistaken about the name or identity of the individual Bio-Med agent or employee assisting in the transfer of plaintiff at the time of the fall, the allegations of paragraphs 7. and 8. are not controverted by Bio-Med.

Further, those allegations are supported by the only evidence that has been presented to the Court on this point, i.e., the affidavit of Steve R. Holmes, Jr., (Doc. 14-1) in which he states that at the time of his father's fall, a Bio-Med dialysis technician was "watching, overseeing and assisting in the transfer of my father from his wheelchair onto a dialysis bed."

Those allegations plainly state a cause of action for common law negligence under Alabama state law. The standard in cases of removal based on alleged fraudulent joinder to be applied in determining whether a valid cause of action under state law has been repeatedly described as a "lax one."[3] Elaborating further, *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 768-69 (11th Cir. 2019):

> "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Stillwell [v. Allstate Ins. Co.], 663 F.3d at 1333. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."

Bio-Med asserts in ¶8., p. 4 of its motion (Doc. 26) that "discovery is unwarranted prior to a determination of whether the Court will retain jurisdiction over this action." While that may be the case in some circumstances, discovery is essential in the circumstances presented herein. Here, it is only through discovery that the Court can ascertain whether diversity jurisdiction exists.

Other courts, in similar circumstances have approved and recognized that discovery provides the basis for a district court to decide whether it has jurisdiction, e.g., only two months ago in case from this district, Judge Watkins held in *Stubbs v. Parcel 1*, 2021 U.S. Dist. LEXIS

---

[3] *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011)

15277, at *4-6 (M.D. Ala. Jan. 27, 2021) that in determining the issue of the district court's jurisdiction in a case where fraudulent joinder was alleged, a district court may "consider affidavits and *deposition transcripts* submitted by the parties," quoting from and citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiffs respectfully submit that the defendants' motion for "guidance" should be denied.

/s/ Griffin Sikes, Jr.
Griffin Sikes, Jr.
Attorney for Plaintiff
Post Office Box 11234
Montgomery, Alabama 36111
334.233.4070
sikeslawyer@gmail.com

/s/ H. E. Nix, Jr.
H. E. Nix, Jr.
Attorney for Plaintiff
7515 Halcyon Pointe Drive
Montgomery, AL 36117
334.279.7770
cnix@nixattorney.com

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been filed in the Pacer, the Court's electronic database, on this 15th day of April, 2021, for electronic service on all counsel of record in this case as follows:

Leigh Anne Hodge, Esq., at lhodge@bradley.com
George R. Parker, Esq., at epresley@bradley.com
Riley P. Griffin, Esq., at rgriffin@bradley.com
David. W. Proctor, Esq., at dproctor@hallboothsmith.com
Walter McGowin, Esq., at wem@glsmgn.com

/s/ Griffin Sikes, Jr.
Of Counsel