IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN HOLMES and <br> PAULETTE HOLMES, <br><br> Plaintiffs, <br><br> v. <br><br> FRESENIUS KIDNEY CARE <br> OF TUSKEGEE, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACT. NO. 3:20-cv-853-ECM <br> )                    (WO) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDOM OPINION AND ORDER**

Now pending before the Court is the Defendants' motion for reconsideration of the Court's ruling on Plaintiffs' motion to remand, (doc. 30).

Motions for reconsideration are extraordinary remedies and therefore should be used sparingly. *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2016 WL 7486722, at *1 (S.D. Fla. Aug. 12, 2016). Fed. R. Civ. P. 54(b) states "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This has been understood to give the district court "plenary power" over its interlocutory orders. *Barnes v. S. Elec. Corp. of Mississippi*, 2020 WL 5503641, at *2 (M.D. Ala. Sept. 11, 2020) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Therefore, at its discretion, a court can modify or vacate non-final orders at any point before final judgment. *Spellman v. Haley*, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002)

(citing Fed. R. Civ. P. 54(b)).  Because Rule 54(b) provides an avenue to challenge the finality of a court's orders, reconsideration "is appropriate only in very limited circumstances . . . ." *Cobra Int'l, Inc.*, 2016 WL 7486722, at *1.

Fed. R. Civ. P. 54(b) does not specify grounds for considering a motion for reconsideration of non-final orders.  Instead, courts grant motions for reconsideration upon a showing of good cause. *McGuire v. Murphy*, 285 F. Supp. 3d 1272, 1278 (M.D. Ala. 2018)*; see also Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir.2000).  Like circumstances justifying relief under Fed. R. Civ. P. 59(e) or 60, in the past, courts have recognized an intervening change in controlling law, the need to correct clear error, preventing manifest injustice, or ensuring the efficient deposition of the case as appropriate reasons  for a court to modify its non-final orders. *Id*.  Motions for reconsideration may not present "new legal theories or raise legal arguments that could have been raised previously." *In re Employment Discrimination Litig. Against State of Alabama*, 2006 WL 2841081, at *1 (M.D. Ala. Oct. 2, 2006).  The movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived. *See McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (S.D.Ga.1997).

The Defendants' motion fails to address the proper standard for the motion for reconsideration or the way in which they have met this burden.  And as the Court noted in its order on the motion to remand, neither party provided any briefing—meaningful or otherwise—on the issue of the amount in controversy.  This failure notwithstanding, the Court addressed the jurisdictional issue of the amount in controversy in its order.  While

2

the Court was and is aware of the contents of the proposed amended complaint, neither party addressed the extent to which the Court can consider factual allegations contained in a post-removal proposed amended complaint, the filing of which the Court ultimately disallowed. In the Defendants' motion for reconsideration, while they reference factual allegations in the proposed amended complaint, they persist in their failure to fully address how such a proposed amended complaint factors into the Court's determination of the amount in controversy at the time of removal. The Defendants do not point to any clear error, manifest injustice, or any appropriate reason for this Court to modify its order.

In any event upon its order on the motion to remand, the Court was divested of jurisdiction, and the Defendants identify no reason why the Court should vacate its previous order and grant its motion for reconsideration. Accordingly, upon consideration of the motion and for good cause, it is ORDERED that the Defendants' motion for reconsideration, (doc. 30), is DENIED.

DONE this 7th day of June, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE